FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JOSEPH DELZINGARO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 6:02-CV-1220-ORL-28-DAB |
| ) | |
| AUTONATION, INC., a Florida Corporation, ) and CHEVROLET WORLD, INC., a Florida ) Corporation, ) | |
| ) | |
| Defendants ) | |

### DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO SUBMIT TO DEPOSITION

Defendants, AUTONATION, INC., and CHEVROLET WORLD, INC., ("Defendants"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 37(d) and Local Rule 3.04, hereby file this Motion to Compel Plaintiff to Submit to Deposition. In support of this Motion, Defendants state as follows:[1]

### INTRODUCTION

This is an employment-related action. Plaintiff filed his lawsuit on October 16, 2002, alleging claims of sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § § 2000e et seq. On February 25, 2003, Defendants served Plaintiff with a First Set of Interrogatories and Request for Production of Documents.

---

[1] In accordance with Fed.R.Civ.P. 37(a)(1)(A) and Local Rule 3.01(g), counsel for Defendants has attempted to confer with Plaintiff's counsel concerning the issues raised in this Motion, but was unable to reach any resolution.



Plaintiff served Responses to Defendants' discovery and responsive documentation on March 21, 2003. Thereafter, via correspondence dated April 4, 2003, Defense counsel, Erin Webb, sought to depose Plaintiff and requested Plaintiff's counsel to provide her with dates of availability for both Plaintiff's counsel and Plaintiff for the weeks of May 12 and 19, 2003. (See Defense counsel's April 4, 2003 letter attached hereto as **Exhibit A**.) Because Plaintiff's counsel never responded to this request, another letter dated April 29, 2003, was forwarded requesting again that Plaintiff's counsel provide dates of availability for the weeks of May 12 and 26, 2003, since the week of May 19th had been filled. (See Defense counsel's letter dated April 29, 2003, attached hereto as **Exhibit B**.)

On June 5, 2003, Defense counsel forwarded yet another letter to Plaintiff's counsel because he again failed to respond to Defense counsel's request to set his client's deposition. This letter mentioned that the May, 2003 dates that had been suggested previously had lapsed. Therefore, Defense counsel requested that Plaintiff's counsel contact her immediately with Plaintiff's availability for the weeks of June 23 and 30, 2003. (See Defense counsel's letter dated June 5, 2003, attached as **Exhibit C**.)

On June 12, 2003, counsel for the parties spoke about setting Plaintiff's deposition. Plaintiff's counsel mentioned that he was unavailable for all of June, from July 7 to July 21, 2003, and from August 28 – 29, 2003. However, he stated that he was available July 23, 24 and 25, 2003. This conversation was memorialized in a letter dated this same day. (See Defense counsel's letter dated June 12, 2003, attached hereto as **Exhibit D**.) This letter requested Plaintiff's counsel to advise by June 18, 2003, which of these three dates was best for Plaintiff. When Plaintiff's counsel failed to contact Defense counsel by June 18, 2003,

Defense counsel forwarded a letter on June 19, 2003 requesting that Plaintiff's counsel contact her by the close of business on June 20, 2003 with the date that was best for Plaintiff. (See Defense counsel's letter dated June 19, 2003, attached as **Exhibit E**.)

Plaintiff's counsel still had not responded to this request by June 30, 2003. Therefore, Defense counsel noticed Plaintiff's deposition for July 25, 2003 at 9:00 a.m., because the two other dates provided by Plaintiff's counsel had been filled. The Notice of Deposition was served on June 30, 2003. (See Defense counsel's letter dated June 30, 2003 with attached Notice of Deposition, attached hereto as **Exhibit F**.)

On July 23, 2003, Plaintiff's counsel contacted Defense counsel and asked if there was a deposition scheduled for that week. (See Defense counsel's letter dated July 23, 2003 memorializing this conversation, attached as **Exhibit G**.) Defense counsel stated that the Plaintiff's deposition was set for Friday, July 25, 2003. Plaintiff's counsel claimed that he did not know this (even though the deposition was Noticed via facsimile and U.S. Mail on June 30, 2003) and that he had scheduled a mediation for that day. Defense counsel told Plaintiff's counsel that if he wanted to cancel the deposition, the parties needed to reschedule within the next week. Plaintiff's counsel suggested August 7, 2003 as a possible date and told Defense counsel that he would confirm his client's availability for that date. Plaintiff's counsel assured Defense counsel that he had no other plans that week which could interfere with this date. Later that same day, Plaintiff's counsel forwarded a letter via facsimile advising Defense counsel to schedule the Plaintiff's deposition for that date. (See Plaintiff's counsel letter dated July 23, 2003, attached as **Exhibit H**.) Defense counsel, Erin Webb's, birthday dinner was planned for the evening of August 7, 2003 but she rearranged her

006.308218.1

-3-

personal schedule so that she could conduct the Plaintiff's deposition and finally get it out of the way. So, on July 24, 2003, Defense counsel noticed the Plaintiff's deposition for August 7, 2003, via facsimile and U.S. Mail. (See the Second Notice of Deposition attached hereto as **Exhibit I**.)

On August 5, 2003, Plaintiff's counsel's office contacted Defense counsel's secretary to cancel the August 7, 2003 deposition because Plaintiff's counsel had been called to trial in Lake County and was ordered to pick a jury on August 7, 2003. When counsel for the parties set this date for Plaintiff's deposition, Plaintiff's counsel never mentioned that he was on the trial docket for that particular week. If he had, Defense counsel would never have agreed to this date. That same day, Defense counsel attempted to contact Plaintiff's counsel to reset the Plaintiff's deposition, but he could not be reached. Defense counsel, therefore, forwarded a letter to Plaintiff's counsel requesting that either he or his staff contact Defense counsel to reschedule the Plaintiff's deposition. (See Defense counsel's letter dated August 5, 2003 attached hereto as **Exhibit J**.)

Instead of providing dates of availability, Plaintiff's counsel forwarded a very contentious letter to Defense counsel about setting depositions in this matter.[2] On September

---

[2] Defense counsel anticipates that Plaintiff's counsel will attempt to respond to Defense counsel's Motion by accusing Defense counsel of being uncooperative in setting Defendants' witnesses' depositions, rather than addressing his conduct. In letters dated August 5, 2003 and September 5, 2003, Plaintiff accuses Defense counsel of refusing to cooperate in discovery. (See Plaintiff's counsel letters dated August 5, 2003 and September 5, 2003 attached as **Exhibit K**.) However, Defense counsel has repeatedly requested Plaintiff's counsel to provide dates for these depositions so that she can present them to her witnesses. Up until September 3, 2003, when Plaintiff's secretary called Defense counsel's secretary with four October, 2003 dates, Plaintiff's counsel had never provided Defense counsel with any dates for these depositions. Plaintiff's counsel first requested to depose

3, 2003, Plaintiff's counsel's office contacted Defense counsel's secretary with four October 2003 dates of availability for deposing Defendants' witnesses, not Plaintiff's deposition. Because five (5) months had passed since Defense counsel's initial request to take Plaintiff's deposition, and this case will be one year old this coming October 16th, October seemed too far off. Therefore, in a letter dated September 5, 2003, Defense counsel, Erin Webb, requested that Plaintiff's counsel contact her immediately to schedule Plaintiff's deposition for some time in September 2003. (See Defense counsel's letter dated September 5, 2003, attached hereto as **Exhibit L**.) Realizing the difficulty that would inevitably arise from such a request, on the morning of September 8, 2003, Defense counsel noticed Plaintiff's deposition for October 1, 2003--one of the dates provided by Plaintiff's counsel--via facsimile and U.S. Mail. (See Defense counsel's Third Notice of Deposition, attached as **Exhibit M**.) However, after receiving another contentious letter from Plaintiff's counsel on the afternoon of September 8, 2003 (the letter is dated September 5, 2003 but was not forwarded via facsimile until after the close of business), Defense counsel now anticipates that Plaintiff's counsel will again cancel Plaintiff's deposition days before the actual date.

---

Defendants' witnesses on April 29, 2003—not prior to April as he claims in his correspondence. Specifically, he requested to depose the individuals listed in Plaintiff's Rule 26 Initial Disclosures. By letter dated June 5, 2003, Defense counsel noted that there are sixteen (16) individuals listed in Plaintiff's Rule 26 Disclosures and that she could not possibly coordinate and schedule depositions for all these individuals. Moreover, not everyone listed has relevant knowledge concerning this matter. As such, Defense counsel has repeatedly asked Plaintiff's counsel orally and in writing to provide her with his dates of availability to depose these individuals because it was easier for her to present them with Plaintiff's counsel's dates rather than coordinate their availability. However, he has never done so.

As stated above, five (5) months have now passed since Defense counsel initially requested on April 4, 2003 to schedule Plaintiff's deposition. Since that time, Plaintiff's counsel has repeatedly ignored Defense counsel's requests throughout the course of discovery, canceled Plaintiff's deposition twice, and refused to reschedule Plaintiff's deposition. Moreover, this case is approaching the one year mark. Accordingly, Defendants respectfully request that this Court Order Plaintiff to submit to deposition on October 1, 2003.

## MEMORANDUM OF LAW

### POINT I

**PLAINTIFF SHOULD BE COMPELLED TO SUBMIT TO DEPOSITION.**

Federal Rule of Civil Procedure 30(a) provides that, "[a] party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court..." As set forth in further detail above, and as evidenced by the correspondence attached to this Motion, Defense counsel has been more than cooperative and accommodating in scheduling Plaintiff's deposition. Plaintiff's deposition has been noticed twice already, on July 25, 2003 and again on August 7, 2003. These dates were provided by Plaintiff's counsel only after much delay. Yet Plaintiff's counsel canceled Plaintiff's deposition twice.

The first time, Plaintiff's counsel claimed on July 23, 2003 (just two (2) days prior to the deposition date) not to have known about the deposition even though it was served via facsimile on June 30, 2003 and mailed. When he conferred with Defense counsel on July 23, 2003 to reschedule the deposition for August 7, 2003, he assured Defense counsel that nothing on his calendar could interfere or conflict with this date. Yet, on August 5, 2003

(just two days before Plaintiff's deposition), Plaintiff's counsel cancelled again. Defense counsel spent considerable amounts of time preparing for Plaintiff's deposition each time. Now, Plaintiff's counsel outright refuses to reschedule Plaintiff's deposition.

As stated above, Defense counsel initially contacted Plaintiff's counsel on April 4, 2003 to schedule Plaintiff's deposition. Five (5) months have now passed and the January 19, 2003 discovery deadline is fast approaching. On September 8, 2003, Defense counsel noticed Plaintiff's deposition via facsimile and U.S. Mail for October 1, 2003 at 9:00 a.m. Defendants respectfully request that this Court compel Plaintiff to appear for deposition on this date in compliance with the Notice.

## POINT II

**DEFENDANT IS ENTITLED TO ITS REASONABLE COSTS, INCLUDING ATTORNEYS' FEES, INCURRED IN CONNECTION WITH THIS MOTION AND MEMORANDUM.**

The Federal Rules of Civil Procedure provide that if a motion to compel is granted, the Court shall require the party and/or his attorney: [T]o pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's non-disclosure ... was substantially justified....Fed. R. Civ. P. 37(a)(4)(A); See also Godsey v. United States, 133 F.R.D. 111, 113 (S.D. Miss. 1990) (awarding reasonable attorney's fees and costs incurred in pursuit of a motion to compel). In the instant matter, Plaintiff's failure to appear for his deposition is not at all justified in light of the Federal Rules of Civil Procedure. Further, Defendants' have incurred considerable attorney's fees for Defense

counsel's preparation for Plaintiff's deposition on both July 25 and again on August 7, 2003. Moreover, Plaintiff's counsel's refusal to reschedule his client's deposition for the third time has unnecessarily delayed these proceedings. This coming October 16, 2003, this case will have been pending for one full year. Thus, Defendants should be awarded their attorney's fees and costs incurred in seeking to compel Plaintiff to submit to deposition.

## CONCLUSION

For each of the foregoing reasons, Defendants respectfully request that the Court order Plaintiff to submit to deposition on October 1, 2003 at 9:00 a.m. and award Defendants their costs, including reasonable attorney's fees, incurred in filing the present Motion and Memorandum of Law.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished **via Facsimile and U.S. Mail** this 11th day of September, 2003, to counsel for Plaintiff, Gus R. Benitez, Esq., Benitez & Butcher, P.A., 1223 East Concord Street, Orlando, Florida, 32803.

Respectfully submitted,

Bradley R. Johnson, FL Bar No. 0709425
FOLEY & LARDNER
200 Laura Street
P. O. Box 240
Jacksonville, Florida 32201-0240
Telephone: (904) 359-2000
Facsimile: (904) 359-8700

Erin A. Webb, FL Bar No. 0184039
FOLEY & LARDNER
111 N. Orange Avenue, Suite 1800
Orlando, Florida 32801-2386
Telephone (407) 423-7656
Facsimile: (407) 648-1743

# ADDITIONAL

# ATTACHMENTS

# NOT

# SCANNED

## ** REFER TO COURT FILE **